Siferd et al., Appellants, *v.* Stambor, Appellee.

(No. 1287—Decided January 5, 1966.)

*Messrs. Light, Siferd & Light,* for appellants.
*Messrs. Meredith, Meredith & Tait,* for appellee.

Middleton, J. This is an appeal from a judgment of the Court of Common Pleas sustaining defendant's demurrer to plaintiffs' amended petition, and the court, being satisfied the defect could not be remedied by amendment, ordered that plaintiffs' amended petition be dismissed. From this judgment plaintiffs appeal.

Plaintiffs in their amended petition allege that on October 8, 1945, and prior thereto, Paul E. Bonofiglio and Erma Bonofiglio were the owners of 100 feet off the entire north end of Lots Number 105 and 106 in the original plat of the town,

now city, of Lima, Allen County, Ohio. Prior to the acquisition of such property by Paul E. Bonofiglio and Erma Bonofiglio, a building known as the DeSoto Hotel had been erected on the east 40 feet of the north 100 feet of Lot Number 105. While Paul E. Bonofiglio and Erma Bonofiglio owned such real estate they erected immediately adjacent to the west wall of the building known as the DeSoto Hotel, and utilizing the west wall of that building as a party wall, a building to be rented and used as a restaurant. They so constructed such building that the lavatory of the restaurant building was located east of the party wall and within the DeSoto Hotel building but was closed off from it by three walls erected on the north, east and south walls of the lavatory, which was entered from the west by a door through the party wall. This construction was completed and the restaurant building was put into use prior to October 8, 1945. On October 8, 1945, Paul Bonofiglio and Erma Bonofiglio for a good and valuable consideration executed and delivered to Homer W. Vroman and Gail O. Vroman, their heirs and assigns, a deed which was filed for record October 10, 1945, and which, omitting the signatures, witnesses and acknowledgment, is in words and figures in part as follows:

(1) "Know all men by these presents: That Paul Bonofiglio and Erma Bonofiglio, husband and wife, the grantors, in consideration of the sum of one ($1.00) dollar and other valuable considerations, in hand paid by Homer W. Vroman and Gail O. Vroman, husband and wife, the grantees, do give, grant, bargain, sell and convey unto the said grantees, *their heirs and assigns*, the following described premises, situated in the county of Allen and state of Ohio:

"One hundred (100) feet off of the entire north half of inlot No. 106 and 10 feet, more or less, off of the west side of the north 100 feet of inlot No. 105 in the original plat to the town, now city of Lima, Ohio.

"It is further understood that the grantees shall have the right to the use of the lavatory now in the hotel building which is being used for the benefit of the *grantees and their help and patrons of the restaurant.*
" * * *

"To have and to hold the above granted and bargained premises, *with the appurtenances thereunto belonging unto said*

*grantees, their heirs and assigns forever.* And said grantors do for themselves and heirs covenant with said grantees, their heirs and assigns, that at and until the ensealing of these presents they were seized of the above described premises, as a good and indefeasible estate in fee simple, and have good right to bargain and sell the same in manner and form as above written and that the same are free from all incumbrances whatsoever, *except as above mentioned* and will warrant and defend said premises *with the appurtenances* thereunto belonging, to the said grantees, their heirs and assigns forever against all lawful claims and demands of all persons whomsoever." (Emphasis added.)

That deed was duly signed by Paul Bonofiglio and Erma Bonofiglio, grantors therein named, witnessed by two witnesses, and acknowledged before a notary public.

By deed dated July 21, 1947, filed for record July 22, 1947, Paul E. Bonofiglio and Erma Bonofiglio, husband and wife, conveyed to U. E. Local 724 Building Corporation, its successors and assigns, the following described premises:

"Being a part of inlot number one hundred five (105) in the original plat of the city of Lima, state of Ohio:

"Beginning on the south line of Elm St., at the east line of inlot 105, said place of beginning being also the northeast corner of said inlot 105; thence south along the east line of said inlot 105, a distance of 100 feet; thence west parallel to the south line of Elm Street 40 feet more or less to a point in the line extended of the west face of the west wall of the building known as DeSoto Hotel and also known as 111, 111½, 113 West Elm Street; thence north along said extended line and along the west side of said wall 100 feet more or less to the said south line of Elm Street; thence east along the said south line 40 feet to the place of beginning, but subject to a party wall agreement of record in volume 283 Allen County Records."

By agreement entered into September 18, 1947, filed for record September 18, 1947, U. E. Local 724 Building Corporation and Homer W. Vroman and Gail O. Vroman, who were the then owners of the premises conveyed to them respectively by Paul E. Bonofiglio and Erma Bonofiglio by the respective deeds above set forth, entered into an agreement which they signed and acknowledged before a notary public but which is unwit-

nessed. This agreement, omitting the signature and acknowledgement, is in words and figures as follows:

"This agreement entered into this 18th day of September, 1947, at Lima, Ohio, between U. E. Local 724 Building Corporation, the owners of part of inlot No. 105 in the original plat of Lima, Ohio, and Homer W. Vroman and Gail O. Vroman, Lima, Ohio, owners of part of inlot No. 106 and 10 feet more or less off of the west side of inlot No. 105, adjoining said part of inlot No. 105, owned by U. E. Local 724 Building Corporation.

"The said U. E. Local 724 Building Corporation as aforesaid, recognized the rights and uses given the said Homer W. Vroman and Gail O. Vroman in the deed from Paul E. Bonofiglio and Erma Bonofiglio dated October 8, 1945, recorded in vol. 283, page 275, in Allen County Deed Records in the Recorder's Office, Lima, Allen County, Ohio, in respect to the use of the lavatory in the hotel building located on the premises now owned by said U. E. Local 724 Building Corporation; and in consideration thereof the said Homer W. Vroman and Gail O. Vroman, their heirs and assigns agree to maintain said lavatory and assume any and all liability to the public or anyone using same."

(The parties in the present case were not parties to this agreement and the agreement does not control or determine any issue in the present case.)

Thereafter, on May 22, 1950, Homer W. Vroman and Gail O. Vroman executed and delivered to Lena G. Siferd, her heirs and assigns, a deed which, omitting the signatures, witnesses and acknowledgment, is in words and figures following:

"Know all men by these presents, That Homer W. Vroman and Gail O. Vroman, husband and wife, the grantors, in consideration of the sum of one ($1.00) dollar and other good and valuable considerations in hand paid by Lena G. Siferd, 130 North Elizabeth Street, Lima, Ohio, the grantee, do give, grant, bargain, sell and convey unto the said grantee, *her heirs and assigns*, the following described premises, situate in the county of Allen and state of Ohio, to-wit:

"One hundred (100) feet off of the entire north half of inlot number one hundred six (106) and ten (10) feet more or less off of the west side of the north one hundred (100) feet of

inlot number one hundred five (105) in the original plat to the town now city of Lima, Allen county, Ohio.

"Also, the one-half interest in the party wall now constructed between the DeSoto Hotel and Boots Restaurant with the privilege and right in grantee, her heirs and assigns to extend her building south to the same height as the restaurant building as now exists upon said premises. Also, *the right and privilege in grantee, her heirs and assigns*, to use the lavatory now located in the hotel building together with the right of ingress and egress to and from said lavatory.

"To have and to hold the above granted and bargained premises, with the appurtenances thereunto belonging unto the said grantee, her heirs and assigns forever.

"And the said grantors for themselves and heirs covenant with said grantee, her heirs and assigns, that at and until the ensealing of these presents they were well seized of the above described premises, as a good and indefeasible estate in fee simple, and have good right to bargain and sell the same in the manner and form as above written; and that the same are free from all incumbrances whatsoever and will warrant and defend said premises, *with the appurtenances thereunto belonging* to the said grantee, her heirs and assigns forever, against all lawful claims and demands of all persons whomsoever; and I, Gail O. Vroman, wife of the said Homer W. Vroman; and I, Homer W. Vroman, husband of the said Gail O. Vroman, do hereby remise, release and forever quit-claim unto the said grantee, her heirs and assigns, all our right and title of dower in the above described premises." (Emphasis added.)

The petition further states that by deed dated March 11, 1952, U. E. Local 724 Building Corporation conveyed to International Electrical Local 274 Building Corporation land by the same description contained in the deed from Paul Bonofiglio and Erma Bonofiglio to U. E. Local 724 Building Corporation.

By deed dated July 11, 1962, filed for record July 13, 1962, International Electrical Local 274 Building Corporation conveyed to Samuel Stambor, defendant herein, the land by the same description contained in the deed from Paul E. Bonofiglio and Erma Bonofiglio to U. E. Local 724 Building Corporation.

Plaintiffs are the sole beneficiaries of the will of Lena G.

Siferd, deceased, and have succeeded to and now own her rights in the premises conveyed to her by Homer W. Vroman and Gail O. Vroman by deed recorded in Allen County, Ohio, deed book 305, page 180.

The amended petition further states that, on or about October 8, 1945, and immediately after the execution of such deed by Paul Bonofiglio and Erma Bonofiglio to Homer W. Vroman and Gail O. Vroman, Homer W. Vroman and Gail O. Vroman entered into possession of the premises thereby granted and they, their tenants and other successors in interest in such premises, consisting of Lena G. Siferd and plaintiffs and their respective tenants in the restaurant and the help and patrons of such restaurant, have ever since then continuously possessed and used the lavatory as an appurtenance of the restaurant included in the description of the premises granted by Paul Bonofiglio and Erma Bonofiglio to Homer W. Vroman and Gail O. Vroman.

The prayer of the amended petition is that the "defendant be enjoined from breaking through the walls of said lavatory and from interferring with or preventing plaintiffs and the tenant of said restaurant building and his patrons and employees from using said lavatory and for declaratory judgment establishing the right of plaintiffs and tenants and successors in interest in the premises owned by them to continue to use said lavatory so long as they remain the same and assume any and all liability to the public or anyone using the same," and for such other and further relief as is proper.

"Physical conditions may suffice to charge a grantee with notice of an easement and to make the land granted subject to such easement. A purchaser of real estate is put upon inquiry as to the imposition of a burden thereon in favor of adjoining premises if there exists upon, or in connection with, the purchased premises some visible material object, the sight or knowledge of which would reasonably suggest the existence of the burden, and, in such case, the purchaser is ordinarily charged with knowledge of facts which he would have learned upon such inquiry." 18 Ohio Jurisprudence 2d 614, Easements, Section 77.

The court must determine from the language used in the deed of conveyance from Bonofiglio to Vroman the nature and extent of the rights conveyed in the lavatory located in the De-

Soto Hotel. Does the deed convey an easement appurtenant running with the land for the benefit of grantees' estate or does it create a mere personal right in the grantees?

Whether the easement is an appurtenance running with the land must be determined from the language used in the deed creating the right granted, the surrounding circumstances at the time the right was created and the intention of the parties at the time the deed was executed.

The granting clause in the Bonofiglio-Vroman deed states:

"* * * do give, grant, bargain, sell and convey unto the said grantees, *their heirs and assigns,* the following described premises, situated in the county of Allen and state of Ohio:"

Then follows a description of the property conveyed and, as a part of the conveyance, the following:

"It is further understood that the grantees shall have the right to the use of the lavatory now in the hotel building which is being used for the benefit of the grantees and their help and patrons of the restaurant."

Likewise, in the habendum clause the extent of the right and ownership of the property conveyed is as follows:

"To have and to hold the above granted and bargained premises with the *appurtenances thereunto belonging* to said grantees, *their heirs and assigns* forever, and said grantors do for themselves, and heirs covenant with said grantees, their heirs and assigns, that at and until the ensealing of these presents they were seized of the above described premises, as a good and indefeasible estate in fee simple, and have good right to bargain and sell the same in manner and form as above written and that the same are free from all incumbrances whatsoever, except as above mentioned and will warrant and defend said premises with the appurtenances thereunto belonging, to the said grantees, their heirs and assigns forever against all lawful claims and demands of all persons whomsoever." (Emphasis added.)

The plaintiffs and defendant are in accord that the rule is that the intention of the parties at the time of the conveyance is of primary consideration. They differ, however, as to the intent of the parties as shown by the words used in the conveyance. Language in the granting clause must be considered with reference to the language used in the habendum clause. In

*Hinman, Admr.,* v. *Barnes,* 146 Ohio St. 497, at 508, we find this statement:

"'* * * We believe that conclusion to be consonant with what is stated in the opinion in the *Sherman case* to be 'the modern and prevalent rule for determining the estate conveyed by a deed,' which rule is 'that if the intention of the parties is apparent from an examination of the deed "from its four corners," it will be given effect regardless of technical rules of construction.' "

"Deeds are to be construed as a whole in arriving at the intention of the parties; and the plain purport and purpose of the instrument as a whole controls the ordinary meaning of particular words, so far as to make them conform to that purport and purpose. In general it may be stated that a liberal construction is to be had of the whole instrument, in relation to the subject matter, to discover what was the true intention of the parties, rather than a strict, literal, and grammatical construction of the instrument, in its various parts, taken separately. The whole contract in a deed must be considered in arriving at the meaning of any of its parts. Each part of a deed must be construed with, and in reference to, every other part thereof, taking the whole instrument, habendum, and granting clause together; and no part of the deed should be rejected as repugnant to the granting clause unless the repugnancy is irreconcilable. If, however, there is a clear, manifest, and irreconcilable repugnance between the granting and the habendum clauses of a deed, the granting clause must prevail.

"A deed is to be construed in such a way as to give effect to all its clauses and provisions, if this can possibly be done by any reasonable interpretation." 17 Ohio Jurisprudence 2d 189, Deeds, Section 82.

The language of the deed granting the easement is, we believe, certain and unambiguous, and the intention of the grantor in respect to the right conveyed is clearly shown and does not require the application of any rules of construction. The grant of the right to use the lavatory in the hotel building is a part of the property conveyed. The granting clause conveys to the grantees, "their heirs and assigns," and, in the habendum clause, heirs and assigns to have and to hold.

While the use of the words "heirs and assigns" or any

word of inheritance is not necessary to create a covenant running with the land, the use of such words, "heirs and assigns," does clearly reflect upon and is indicative of the intention of the grantor at the time of the conveyance. 15 Ohio Jurisprudence 2d 20, Covenants, Section 17.

At the time of this conveyance the grantor was the owner of both the DeSoto Hotel and the building lying to the west where the lavatory was located and which building was used as a restaurant.

This fact constitutes a part of the surrounding circumstances existing at the time of the execution of the deed of conveyance and further reflects the intentions of the parties. No place in the deed is there any provision of limitation or exception upon the easement granted or any provision for the termination or duration of the easement. 15 Ohio Jurisprudence 2d 9, Covenants, Section 6.

The duration of an easement may be fixed by the terms of the instrument creating it; it may be of a permanent or perpetual duration and continue in operation forever or until terminated by acts of the parties or by operation of the law.

It may also be terminated by the completion of the purpose or necessity for which the easement was created, or a change in the character or use of the property. 18 Ohio Jurisprudence 2d 590, Section 53, and 18 Ohio Jurisprudence 2d 618, Section 79.

In the case of *Hieatt* v. *Morris*, 10 Ohio St. 523, which case involved the removal by the defendant of a partition wall which was built without any express stipulation as to the continuance of the partition wall, Judge Peck, in discussing the duration of the easement and the termination of the rights created under the conveyance, stated, at page 529:

"* * * in the absence of express stipulation, should remain no longer than their mutual benefit may require; that it was erected under the state of things *then existing*, and should not be insisted on when the circumstances are *entirely changed*; that when the contract was made, the ground was suited only for ordinary dwellings, and should be terminated, if either party desire it, whenever fashion or expanded commerce, may require its appropriation to marble palaces or extended warehouses. We think, however, that the contract, like all others, is to re-

88

ceive a *reasonable construction* to effect the reasonable intent of the parties deducible from the words employed, as applied to the circumstances surrounding the contracting parties. If it is unreasonable to confer upon either party the right to arbitrarily terminate it at any time, it is equally unreasonable to permit either, from sheer obstinacy or mere caprice, to insist upon its continuance under a material change of the circumstances. In agreeing to construct the wall, the parties probably did not look to the future, but only to the present. Their arrangement had reference to the immediate use, rather than to the future availability of their properties, or the continued use would have been matter of *express agreement*, and not left to *mere construction*. The city, then comparatively in its infancy, was rapidly advancing to the material prosperity it now enjoys, and we can scarcely infer that either party supposed he was creating a permanent incumbrance upon his lot, or a hindrance to its appropriation to other uses, if the rising fortunes of the city should render the change desirable. The declaration shows that the wall was used and enjoyed by the parties for more than twenty-one years; that the improvements by that time had become wholly unsuited to the increased value and capabilities of the property. And we can not but think, that the defendant, after reasonable notice to the plaintiff, might, under the contract, remove his portion of the wall, using due and proper care to prevent injury to the plaintiff, in order to conform his improvements to the changes which time had wrought in the value and availability of the property. We do not hold that the defendant had the right at all times, after building the wall in 1831, to take his part down without the consent of the plaintiff. That, in our judgment, would be as unreasonable as the construction for which the plaintiff contends. * * *''

(See, also, *Zaras* v. *City of Findlay*, 112 Ohio App. 367.)

It is the opinion of this court that the averments of the amended petition show that the deed of the Bonofiglios to the Vromans, the predecessor in title to plaintiffs herein, creates an appurtenance to the premises described in the petition running with the land; that the conveyance is without limitation, restrictions or provision for termination of the rights granted; and

that the amended petition sets forth facts sufficient to constitute a cause of action and to entitle the plaintiffs to relief.

The judgment of the court below is reversed, and the cause is remanded for execution with instruction to overrule defendant's demurrer and for such further proceedings according to law.

*Judgment reversed.*

YOUNGER, P. J., concurs.

GUERNSEY, J., concurring in part. The basic issue on this appeal on questions of law is whether the plaintiffs have alleged a cause of action for an injunction or, if not, whether there is alleged a cause of action for a declaratory judgment. To determine the former we must determine whether the allegations of the amended petition set forth an easement in the plaintiffs with which the defendant threatens to interfere.

In their argument of this issue the parties, particularly the defendant, have placed much emphasis on the words of the conveyance from the Bonofiglios to the Vromans. In my opinion more emphasis must be placed on the *situation* presented by these words and by the other allegations of the amended petition, *i. e.*, that the owner of an entire tract had placed two adjoining buildings on that tract, which buildings were used for different purposes, had created in his hotel building a lavatory room which, as created, could not be used for the benefit of the hotel building but could be used solely for the benefit of the restaurant building in which it opened, and had then conveyed the restaurant building to others, retaining title to the hotel building, without in any way terminating as of that time the use of the lavatory room for the benefit of the restaurant. In my opinion there was thus created an implied easement appurtenant to the grant of the tract of land conveying the restaurant building to the Vromans. 18 Ohio Jurisprudence 2d 551, Easements, Section 26. There was no necessity that such easement be mentioned in the conveyance to Vromans, and the sentence appearing in that conveyance, ''It is further understood that the grantees shall have the right to the use of the lavatory now in

the hotel building which is being used for the benefit of the grantees and their help and patrons of the restaurant,'' did not serve to create anything but instead served to clarify the grantors' intention and the understanding of the grantors and grantees that the implied easement was included as an appurtenance to the land conveyed, and to negative any thought that the conveyance would operate to extinguish it. For this reason, as well as by operation of Section 5301.02, Revised Code, no words of inheritance were required in connection with this sentence. The implied easement appurtenant thus conveyed met all the requisites of same set forth by the Supreme Court in *Ciski* v. *Wentworth*, 122 Ohio St. 487, in paragraph one of the syllabus:

''While implied grants of easements are not favored, being in derogation of the rule that written instruments shall speak for themselves, the same may arise when the following elements appear: (1) A severance of the unity of ownership in an estate; (2) that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only.''

Compare *Renner* v. *Johnson*, 2 Ohio St. 2d 195.

It does not follow, however, that if the use ''before the separation takes place, * * * which gives rise to the easement shall have been so long-continued and obvious or manifest as to show that it was meant to be permanent,'' that after the separation takes place the use shall be extended into perpetuity or that the common grantor(s) may not limit its duration. 70 Corpus Juris Secundum 560, *Permanent*. In my opinion the facts alleged in the amended petition not only clearly show the creation and conveyance of an implied easement appurtenant but also clearly show that such easement is not perpetual but is limited in its duration. See, for example, *Warren* v. *Brenner*, 89 Ohio App. 188 (motion to certify record overruled May 16, 1951).

From the clause in the deed from the Bonofiglios to Vromans expressing the understanding that the implied easement

appurtenant was being conveyed and from the other allegations of the amended petition, it is apparent that the easement was created to benefit the dominant estate, the restaurant building, while used for restaurant purposes, and that the premises are still so used. There is nothing in that conveyance or in any other allegations of the amended petition to show that if the restaurant building was used for other than restaurant purposes the use of the lavatory would ''be reasonably necessary to the beneficial enjoyment of the land granted.'' We conclude, from these allegations, that the implied easement appurtenant is thus subject to a limitation requiring its termination, at the latest, when the use of the building on the dominant estate for restaurant purposes terminates. It also appears from the decision of the Supreme Court in *Hieatt* v. *Morris,* 10 Ohio St. 523, referred to in Judge Middleton's opinion, that substantial economic changes requiring a change in the use of the servient estate may require an earlier termination. However, this is a matter pertinent to an affirmative defense, not specifically raised by the amended petition, and does not limit the allegations of the amended petition construed as terminating the easement at the time of the termination of the use of the building for restaurant purposes.

The allegations of the amended petition being sufficient to show a subsisting easement in the plaintiffs, with which the defendant threatens to interfere, I am of the opinion that a cause of action for an injunction is stated and that the Common Pleas Court committed prejudicial error in sustaining defendant's demurrer and in dismissing plaintiffs' amended petition.

It should also be observed that if the amended petition did not state a cause of action for an injunction it did state a cause of action for a declaratory judgment, and that the Common Pleas Court could not avoid its duty to render a declaratory judgment by sustaining the demurrer. *Bruckman* v. *The Bruckman Co.,* 60 Ohio App. 361; and *Bay Village* v. *Gelvick,* 25 Ohio Law Abs. 695.

Taking the view that the easement with which we are here concerned is an implied easement appurtenant, I believe that the paragraphs of the syllabus prepared by the majority are not pertinent and I do not concur therein.