OPINION
{¶ 1} Appellant Kimberly I. Keil appeals the decision of the Court of Common Pleas, Morrow County, which ruled against her in a quiet title action as to certain real estate. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellee Naomi Thompson, fka Cothern, and the late Howard Cothern, Sr. purchased 5.02 acres of land in Bennington Township, Morrow County, during the late 1950s. They later placed a mobile home on the land. Subsequently, Appellant Kimberly I. Keil constructed another residence on the rear portion of the property. Following the death of Howard Cothern, Sr. in 1993, Appellee Naomi acquired title to the property as the surviving spouse. On October 8, 1998, appellee conveyed ownership of the property to Appellant Kimberly (her daughter) and Howard Cothern, Jr. (her son). Appellee thereafter remarried, and she and her new husband, Appellee Findley Thompson, moved off the property. Appellant and her husband, William Keil, maintained their residence in the aforementioned second home.
 {¶ 3} On August 27, 2001, Howard Cothern, Jr. conveyed his interest in the property back to his mother, appellee, via a quit claim deed. Said deed was recorded on September 1, 2001. However, on September 12, 2001, appellant filed with the county recorder a notarized "Memorandum of Agreement" dated October 10, 1998, signed by appellant and Howard Cothern, Jr. The document reads in pertinent part as follows:
 {¶ 4} "RE: Concerning the property of 5630 Township Rd. 213. Situated in the County of Morrow, in the State of Ohio, in the Township of Bennington:
 {¶ 5} "Being Lot # 2 in the John Brodess Sub-Division # 1 as shown on the Plat recorded in the Record of Plats, Volume 5, Page 125 in he (sic) Recorder's office of Morrow County, Ohio.
 {¶ 6} "Containing in Lot # 2-5.02 acres
 {¶ 7} "Interest in Real Estate: Kimberly Irene Keil owns 3.52 acres in back of said property. Howard Dale Cothern Jr. owns 1.50 acres in the front of said property.
 {¶ 8} "By signing this document both parties agree in the said Interest in Real Estate."
 {¶ 9} On January 11, 2002, appellant filed an action to quiet title against Appellees Naomi and Findley Thompson. The matter came on for trial on January 8, 2003. On April 10, 2003, the trial court issued a judgment entry, which found the "Memorandum of Agreement" between appellant and Howard Cothern, Jr. was not a covenant running with the land which would bind appellees. The court thus found that appellant and appellee both owned an undivided one-half interest, and therefore ordered a Writ of Partition be issued.
 {¶ 10} Appellant timely appealed, and herein raises the following sole Assignment of Error:
 {¶ 11} "I. The trial court's decision is contrary to the manifest weight of the evidence presented at the trial herein. specifically, the trial court erred in ruling that the memorandum of agreement executed by plaintiff-appellant and Howard D. Cothern, Jr. is not binding upon defendant-appellees.
 I. {¶ 12} In her sole Assignment of Error, appellant contends the trial court erred in finding that the 1998 agreement memorandum between herself and her brother was not binding on appellees. We disagree.
 {¶ 13} The central issue before us is whether the memorandum at issue constituted a covenant running with the land. When determining whether a covenant runs with the land, the following three factors must be met: 1) intent for the restrictive covenant to run with the land; 2) the restrictive covenant touches and concerns the land; and 3) privity exists. Lone Star Steakhouse Saloon of Ohio, Inc. v. Quaranta, Mahoning App. No. 01 CA 60, 2002-Ohio-1540, ¶ 18, citing LuMac Dev. Corp. v. Buck Point Ltd.Partnership (1988), 61 Ohio App.3d 558, 562, 573 N.E.2d 681. "[W]hether it [a covenant] does so inhere [in the land] as to give a right and create an obligation in the case of assignees, we must look at the intent of the parties creating the estate. The law must say that it may inhere and the parties must say that it shall inhere." Id., citing Peto v. Korach (1969),17 Ohio App.2d 20, 23, 244 N.E.2d 502, citing Masury v. Southworth
(1859), 9 Ohio St. 340, 348.
 {¶ 14} Proof of intent for a covenant to run with the land can be determined from the language of the deed read as a whole.Lone Star Steakhouse at ¶ 19. In the case sub judice, appellant and Howard Cothern, Jr.'s memorandum of October 10, 1998 contains no language indicating such intent. Although not completely determinative of this issue, we note that no mention of assigns, heirs, successors or other similar language is utilized. SeeLone Star Steakhouse at ¶ 19, citing Siferd v. Stambor
(1966), 5 Ohio App.2d 79, 86-87, 214 N.E.2d 106; Meisse v.Family Recreation Club, Inc. (Feb. 20, 1998), Clark App. No. 97CA54.
 {¶ 15} In addition, the use of the generic terminology "3.52 acres in back * * * 1.50 acres in the front of said property" scarcely provides a meaningful description of the attempted apportionment. R.C. 5309.79 provides that in every voluntary instrument used to transfer a part of land conveyed by a certificate of title "an accurate description of such part enabling it to be definitely located and platted shall be given." See State ex rel. Preston v. Shaver (1961), 172 Ohio St. 111,114. Finally, although appellant could have filed the memorandum with the county recorder in 1998, her failure to do so, thereby delaying constructive notice until after August 2001, further weakens her assertion that the covenant was intended to run with the land.[1]
 {¶ 16} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. Accordingly, we find no basis to reverse the trial court's conclusion that the 1998 memorandum of agreement at issue was not a covenant running with the land which would bind appellees, thus establishing the necessity of ordering a writ of partition to resolve appellant's action against appellees to quiet title. Appellant's sole Assignment of Error is thus overruled.
 {¶ 17} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Morrow County, Ohio, is affirmed.
Wise, J., Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the court of Common Pleas of Morrow County, Ohio, is affirmed.
Costs to appellant.
[1] Appellant adds a brief allegation that Howard Cothern, Jr.'s quit claim deed back to appellee on August 27, 2001 was defective because Howard's wife failed to execute said deed. However, appellant fails to develop this argument with sufficient citation to the record or relevant authority in support. See App.R. 16(A)(7).