[Cite as *Brannan v. Easter*, 2012-Ohio-2045.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

ROGER BRANNAN, JR., et al.,

:

    Plaintiffs-Appellants,               Case No.   11CA3428

:

    vs.

:

DAVID E. EASTER, et al.,           DECISION AND JUDGMENT ENTRY

:

    Defendants-Appellees.

_____

APPEARANCES:

COUNSEL FOR APPELLANTS:    Marie Moraleja Hoover, and R. Tracy Hoover, 621 Seventh Street, Portsmouth, Ohio 45662

COUNSEL FOR APPELLEES:     James Scott Smith, 538 Sixth Street, Portsmouth, Ohio 45662

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-30-12

ABELE, P.J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court judgment that dismissed the complaint filed by Roger Brannan and Tammy Lou Musick, n/k/a Tammy Lou Brannan, plaintiffs below and appellants herein.   Appellant assigns the following error for review:

> "THE TRIAL COURT ERRED BY GRANTING
> DEFENDANTS/APPELLEES MOTION TO DISMISS."

{¶ 2}   On June 4, 2007, Appellant Roger Brannan executed a general warranty deed that transferred "Inlot Number Forty Three" in the Village of Lucasville to the appellees. The precise

interest that was transferred is the center of the dispute. The instrument recites that appellees received "a joint life estate with remainder over in fee simple to the survivor of them." However, after stating the property's tax mailing address, the deed specified "transfers on death to ROGER BRANNAN JR. and TAMMY LOU MUSICK, beneficiaries, a joint life estate with remainder over in fee simple to the survivor of them." The instrument was then recorded.

{¶ 3} Appellants commenced the instant action on February 11, 2011 and asserted that they had an interest in the property, but appellees were attempting to sell the land. Appellant asked for a declaratory judgment that spelled out their interest in the real estate as well as injunctive relief to prevent appellees from conveying the land. Subsequently, appellees filed a Civ.R. 12(B)(6) motion to dismiss for failing to state a claim upon which relief can be granted. The trial court concluded that the 2007 deed granted a fee simple interest in the land to appellees and ordered the action dismissed. This appeal followed.[1]

{¶ 4} Appellants assert in their sole assignment of error that the trial court erred by dismissing their complaint. We disagree. Before a trial court may grant a Civ.R. 12(B)(6) motion to dismiss, it must determine that the non-moving party can prove no set of facts that entitle them to recovery. Maitland v. Ford Motor Co., 103 Ohio St.3d 463, 816 N.E.2d 1061, 2004–Ohio–5717, at ¶11. Vail v. Plain Dealer Publishing Co. (1995), 72 Ohio St.3d 279, 280, 649 N.E.2d 182. Generally, a Civ.R. 12(B) (6) dismissal is subject to de novo review on appeal. See Perrysburg Twp. v. Rossford, 103 Ohio St.3d 79, 814 N.E.2d 44, 2004-Ohio-4362, at ¶5; Cincinnati v. Beretta U.S.A. Corp., 95 Ohio St.3d 416, 768 N.E.2d 1136, 2002-Ohio-2480, at

---

[1] At the same time appellees filed their Civ.R. 12(B)(6) motion, they also filed a counterclaim. The trial court dismissed that counterclaim, thus we have a final appealable order here.

¶4-5.

**{¶ 5}** In the case sub judice, the trial court dismissed the case after it had concluded that the deed conveyed a fee simple interest to the appellees. It is axiomatic that the construction of written instruments, which includes deeds, is a question of law. See e.g. Long Beach Assn., Inc. v. Jones (1998), 82 Ohio St.3d 574, 576, 697 N.E.2d 208; DeRosa v. Parker, Mahoning App. No. 10MA84, 2011-Ohio-6024, at ¶8. A de novo standard of review applies to that determination. Salyer v. Newman, Highland App. No. 11CA4, 2011-Ohio-6676, at ¶16; Sickles v. Jackson Cty. Hwy. Dept., Jackson App. No. 11CA7, 2011-Ohio-6102, at ¶18.

**{¶ 6}** Although we afford no deference to the trial court under this standard of review, we nevertheless reach the same conclusion as the trial court. The granting clause states that Roger Brannan, Jr., "grants with covenants, to DAVID E. EASTER and DORIS J. EASTER (husband and wife) a joint life estate with remainder over in fee simple to the survivor of them . . ." (Emphasis added.) If the deed only conveyed a "joint life estate," it would be clear that appellant did not convey a fee simple title. However, the deed conveyed "a remainder over in fee simple." This additional language indicates, as appellees argue in their brief, that a fee simple title was conveyed.

**{¶ 7}** In 2007, when this deed was drafted and executed, R.C. 5302.22 provided, inter alia, as follows:

> "(A) A deed conveying any interest in real property, and in substance following the form set forth in this division, when duly executed in accordance with Chapter 5301. of the Revised Code and recorded in the office of the county recorder, creates a present interest as sole owner or as a tenant in common in the grantee and creates a transfer on death interest in the beneficiary or beneficiaries. * * *The deed described in this division shall in substance conform to the following form:



'Transfer on Death Deed

_____(marital status), of _____ County, _____ (for valuable consideration paid, if any), grant(s) (with covenants, if any), to _____ whose tax mailing address is _____, transfer on death to _____, beneficiary(s), the following real property:

(Description of land or interest in land and encumbrances, reservations, and exceptions, if any.)"[2]

**{¶ 8}**  Had the deed followed that format, the grantor would not have transferred what amounts to a fee simple interest to appellees, but, instead, the deed was drafted to include a provision for "remainder over in fee simple to the survivor of them [appellees]."  Thus, the surviving spouse will have a fee simple after the death of the first spouse.

**{¶ 9}**  The question now arises about the language in the deed concerning "transfers on death to ROGER BRANNAN JR. and TAMMY LOU MUSICK" for purposes of another joint life estate.  We believe that this language is ineffectual in view of the fee simple interest already transferred to the appellees.  Moreover, when a conflict exists between language in a granting clause and language in an habendum clause, the former takes precedence over the latter.  Stocker & Sitler, Inc. v. Metzger (1969), 19 Ohio App. 2d 135, 145, 250 N.E.2d 269; Siferd v. Stambor (1966) 5 Ohio App.2d 79, 86, 214 N.E.2d 106; Anderson v. Pryor (1935), 51 Ohio App.35, 37, 199 N.E. 364.[3]  We would not apply this principle had appellants followed the statutory form, but, again, they did not and cannot claim its benefits.  Furthermore, the "transfers on death"

---

[2] Effective December 2009, the statute was amended to create a transfer on death "affidavit" rather than deed. See Am.S.B. No. 124.

[3] Admittedly, characterizing that portion of the deed that conveys a life estate to appellants as a "habendum clause" is arguable.  However, we opt for a definition of "habendum clause" as one that follows the granting clause.  Black's Law Dictionary (5th Ed. 1979) 639.  Because the tax mailing address separates these clauses, we believe

language set forth late in the deed regarding appellants is superfluous.   Nothing in appellants' brief persuades us that the trial court ruled erroneously in this matter.

{¶ 10} For all these reasons, we agree with the trial court that a fee simple interest in the subject real estate was transferred to appellees.   Accordingly, appellants could prove no set of facts that entitle them to relief.

{¶ 11} Consequently, the trial court correctly dismissed appellants' complaint pursuant to Civ.R. 12(B)(6) and appellants' assignment of error is without merit and is hereby overruled. Thus, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

---

the granting clause ends before that address and the habendum picks up thereafter.

BY:_____
Peter B. Abele
Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.