Taet, J.
 

 The following map will help explain the facts of the instant case.
 

 
 *423
 

 The land of the village is the portion of lots 232% and 231%, which is 30 feet wide and extends 200 feet from High street to lot 12. It is indicated on the map as being between the two dash lines, The. land of Mr. and Mrs. Lantz is the portion of lots 234 and 231%,
 
 *424
 
 indicated on the map by the crosshatched lines. The land of Mrs. Root is the portion of those lots, together with lot 233 and the ten-foot strip of lot 232%, lying between the Lantz land and High street.
 

 Mrs. Root and her husband had purchased her land and the Lantz land in 1941. She sold the Lantz land • in 1944. Mr. and Mrs. Lantz purchased it from Mrs. Root’s grantee in 1945. On the plats of the village, neither lot 234 nor lot 231% had any access to a public street or other public thoroughfare.
 

 In 1936, a group of persons known as the Hicksville Merchant’s Association, and commonly referred to as Hi-Re-Ma, contracted for the purchase of the foregoing 30-foot strip of land now owned by the village. Hi-Re-Ma then made arrangements with the owner of lot 12 for its use for a parking lot.
 

 In March 1938, Hi-Re-Ma assigned its land contract to the village of Hicksville. Upon final payment by the village of the balance of the contract price in September 1939, the village acquired title in fee to the 30-foot strip of land involved in the instant case. A gravel driveway was made across this 30-foot-wide strip of land from High street to lot 12. A concrete sidewalk was constructed along the west side of this strip of land for a distance of about 180 feet south from High street.
 

 In June 1945, the village entered into a lease agreement with the owner of lot 12, providing for the use of that lot as a parking lot for a term of five years at an annual rental of one dollar. The lease provided that it could be terminated by either the lessor or lessee at any time upon 30 days written notice.
 

 From the time this strip of land was first acquired by Hi-Re-Ma down to the present, it has been used as a means of going to and from High street and the parking lot located on lot 12.
 

 After the village acquired title to this 30-foot strip
 
 *425
 
 of land in 1939, “No Parking” signs were installed on both sides of the driveway leading' over it to lot 12. Also the village kept the driveway in repair.
 

 Shortly after their purchase, Mr. and Mrs. Lantz moved an old house onto their land.
 

 The only claim of the defendants to any interest in this land of the village is based on the contention that it is a street or public thoroughfare. Defendants do not claim to have acquired any interest in this land of the village by way of grant, adverse possession or prescription.
 

 Therefore, unless this land of the village is a legally established street or public highway or unless the village of Hicksville is estopped to claim that it is not such a street or highway, the defendants have no interests therein.
 
 Nichols
 
 v.
 
 City of Cleveland,
 
 104 Ohio St., 19, 135 N. E., 291;
 
 Langley
 
 v.
 
 Town of Gallipolis,
 
 2 Ohio St., 107. See
 
 McQuigg
 
 v.
 
 Cullins,
 
 56 Ohio St., 649, 47 N. E., 595.
 

 It is not claimed that there ever was a statutory dedication of this land of the village for any public use. The defendants claim, however, that there has been a common-law dedication to such a use.
 

 One of the essential elements of a common-law dedication of property to a public use is the intention of the owner of the property to dedicate it to such a use.
 
 Railroad Co.
 
 v.
 
 Village of Roseville,
 
 76 Ohio St., 108, 81 N. E., 178;
 
 Pennsylvania Rd. Co.
 
 v.
 
 Donovan,
 
 111 Ohio St., 341, 347, 145 N. E., 479. That intention may be an express intention
 
 (Lessee of Village of Fulton
 
 v.
 
 Mehrenfeld,
 
 8 Ohio St., 440;
 
 Wisby
 
 v.
 
 Bonte et al., Partners,
 
 19 Ohio St., 238;
 
 Seegar
 
 v.
 
 Harrison,
 
 25 Ohio St., 14) or the intention may be implied from circumstances.
 
 Penquite
 
 v.
 
 Lawrence, Supervisor,
 
 11 Ohio St., 274.
 

 It is argued that the assignment of the contract for purchase of the 30-foot strip involved from Hi-Be-Ma
 
 *426
 
 to the village of Hicksville indicated an express intention to dedicate this property to a public use. However, there were no words used to indicate any such intention. Nor did the deed to the village contain any such words.
 

 It is necessary, therefore, to consider whether there is any evidence of facts or circumstances which will justify an inference of the necessary intention.
 

 Since a common-law dedication of an owner’s property to a public use has the same effect as an express grant of such property to such a use
 
 (Lessee of Village of Fulton
 
 v.
 
 Mehrenfeld, supra; Wisby
 
 v.
 
 Bonte et al., Partners, supra),
 
 the law requires that there be clear evidence of the owner’s intention to dedicate such property to such a use.
 
 Pennsylvania Rd. Co.
 
 v.
 
 Donovan, supra; Railroad Co.
 
 v.
 
 Village of Roseville, supra; City of Toledo
 
 v.
 
 Converse,
 
 21 C. C., 239, 11 C. D., 468, affirmed without opinion, 66 Ohio St., 678, 65 N. E., 1126; 16 American Jurisprudence, 361. See annotation, 58 A. L. R., 239.
 

 It may be argued that, since a municipal corporation and not an individual is the owner of the property here involved, the reasons which justify requiring such clear evidence do not exist. However, the dedication of property belonging to a municipal corporation to a public use will deprive the municipal corporation of its proprietary interests in that property just as effectively as a similar dedication of an individual’s property would deprive the individual of his rights in and to his property. Furthermore, where property is dedicated for street purposes, the dedication imposes a burden on the municipal corporation which would not be imposed on an individual who dedicated his property for such a purpose. This is because statutory duties are imposed upon municipal corporations with respect to the upkeep of streets. Section 3714, G-eneral Code. There appears to be no justification for requir
 
 *427
 
 ing a lesser degree of evidence of the intention of a municipal corporation, as owner, to make such a dedication than in the case of an individual owner.
 

 Ordinarily, a municipal corporation may use and permit the use of its property for a public purpose without thereby indicating an intention to dedicate that property in perpetuity for that public purpose.
 
 Gall
 
 v.
 
 City of Cincinnati,
 
 18 Ohio St., 563. Also, in some instances, a municipal corporation may use or permit the use of its property as a driveway open to the public without thereby indicating an intention to dedicate that property as a street or public highway in which an abutting property owner will have rights.
 
 Nichols
 
 v.
 
 City of Cleveland, supra.
 
 See
 
 Langley
 
 v.
 
 Town of Gallipolis, supra.
 

 If the evidence is such that it appears just as likely that the village intended to use this property for public purposes other than street or public highway purposes as that the village intended to use the property for such street or highway purposes, then certainly it cannot be said that there is clear evidence of an intention to dedicate for street or public highway purposes. There must be some evidence of acts, or failures to act, of the village, which are more consistent with an intention to dedicate this property for such street or public highway purposes than with some other intention. Cf.
 
 Lessee of Village of Fulton
 
 v.
 
 Mehrenfeld, supra,
 
 at 446, 447.
 

 There is no evidence as to any fact or circumstance which could be said to be inconsistent, with use of this land of the village merely as a driveway to and from the parking lot on lot 12. There is no evidence as to any fact or circumstance indicating that it was more likely that the village intended to dedicate that land as a street or other public highway rather than merely use it and permit its use as a means of ingress to or egress from the parking lot.
 

 
 *428
 
 There is evidence that vehicles frequently used this land and the parking lot as a means of getting from High street to the street immediately to the south of the parking lot. However, there is no evidence that the purpose of the village, in permitting the public to use the land involved in the instant case, was other than the purpose of merely providing a convenient means of getting to the parking lot from High street and from the parking lot to High street. An intention to permit public use of this land for such a public use would hardly justify implying any intention to dedicate this land in perpetuity as a street or other public highway. To imply such an intention would amount to disregarding the admitted fact that the lease of the village to the parking lot provided for a nominal rental and was only for five years and could be terminated by either party at any time on 30 days notice. It would certainly not be reasonable to provide in perpetuity a street or other public highway to reach a parking lot where the continued use of that lot was so uncertain. Cf.
 
 Railroad Co.
 
 v.
 
 Village of Roseville, supra,
 
 and
 
 Pennsylvania Rd. Co.
 
 v.
 
 Donovan, supra.
 

 Nothing which the village did or failed to do in the instant case was so consistent only with an intention to treat this land as a street or other public highway as to estop the village from denying that it was a street. Cf.
 
 Wisby
 
 v.
 
 Bonte, supra; Cincinnati & Springfield Ry. Co.
 
 v.
 
 Village of Carthage,
 
 36 Ohio St., 631.
 

 At most, it can be said that the defendant Root bought her property and the defendants Lantz bought their property and put a house on it with the hope and expectation that the land of the village here involved would be kept open as a means of getting to and from the parking lot. If it were so kept open, this would enable Mr. and Mrs. Lantz to get to and from their premises conveniently and it would mean that they would have a property which had a definite use for business purposes. That hope or expectation
 
 *429
 
 has not been realized. That it has not is something about which the defendants cannot complain any more than they could complain about the failure of the village to establish any other street which they had hoped and expected the village would establish.
 

 It is argued that the village could acquire real estate only for a lawful municipal purpose by reason of the provisions of Section 3615, General Code. However,, it can hardly be argued that it would not be a lawful municipal purpose for a municipal corporation to provide a driveway to reach a parking lot open to the public without charge. It does not follow, from the fact that the providing of such a driveway would be a lawful municipal purpose, that the mere providing of such a driveway would result in the legal establishment, in perpetuity or until vacation pursuant to statutory provisions, of a street or other public highway.
 

 The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals with directions to render judgment for the appellant.
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman, Stewart and Turnee, JJ., concur.