Per Curiam.

The issue presented, the answer to which is determinative of the case, is whether this strip of land 30 feet in width, referred to by relator as a part of Sunset Drive, is a duly dedicated statutory public road.
The evidence offered by relator to show the establishment of this strip as a public road consists of four plats marked as exhibits A, B, C, and D. The first plat in order of recording (exhibit D) contains express words of dedication of a roadway 50 feet in width and designated “Sunset Avenue.” Both parties concede that the roadway there shown was specifically and expressly dedicated as a public highway by that plat. The second plat (exhibit A) also carries an express statement of *171 dedication of a road 50 feet wide and designated “Sunset Drive.” The third plat (exhibit B), carrying no express statement of dedication, contains no changes in designated roads hut adjusts lot lines. The fourth plat, labeled “A Resubdivision” (exhibit C), on which relator relies almost entirely, also displays no express words of dedication. It shows the previously dedicated Sunset Drive, as indicated on the other plats, and in addition a 30-foot strip not shown on the other plats, apparently outside lot lines, extending in a northeasterly direction from the north line of Sunset Drive and separated from the dedicated 50-foot Sunset Drive by a line. There are no definite dimensions given to show the length of this 30-foot strip, the northerly terminus of which appears indeterminate. This strip is not named or explained on the plat. Relator has offered no evidence to explain the ambiguity appearing on the face’ of exhibit C, or that this 30-foot strip is known as Sunset Drive.
The owner’s intention to dedicate property to public use as a highway must be established by clear evidence. Village of Hicksville v. Lantz, 153 Ohio St., 421, 92 N. E. (2d), 270. This the relator has failed to do. It may just as reasonably be concluded from the evidence that the owner of the property platted on exhibit C intended to retain title to the 30-foot strip as a means of access to other property on or off the plat as that he intended to dedicate it as a public road.
Without considering the deposition taken on behalf of respondents and objected to by relator, there is a failure of proof that the 30-foot strip in question is a duly dedicated statutory public road.
Relator has not established a clear legal right to a writ of mandamus, and under authority of State, ex rel. Gerspacher, v. Coffinberry et al., Industrial Commission, 157 Ohio St., 32, 104 N. E. (2d), 1, the writ of mandamus is denied.

Writ denied.

Weygandt, C. J., ZimmeRman, Stewabt, Bell, Taet, Matthias and Hebbert, JJ., concur.