SEDLAK, Appellees and Cross–Appellants,

v.

CITY OF SOLON; Erico Products, Inc., Appellant and Cross–Appellee, et al.

[Cite as *Sedlak v. Solon* (1995), 104 Ohio App.3d 170.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67727.

Decided May 30, 1995.

172

*Michael T. Gavin* and *Eli Manos,* for appellees and cross-appellants.

*Charles T. Riehl,* for city of Solon.

*Robert J. Andrews, Jr.,* for appellant and cross-appellee Erico Products, Inc.

*Betty D. Montgomery,* Attorney General, and *Richard J. Makowski,* Assistant Attorney General, for appellee Ohio Department of Transportation.

DONALD C. NUGENT, Judge.

Erico Products, Inc. appeals from the order of the Cuyahoga County Court of Common Pleas entering summary judgment in favor of the Ohio Director of Transportation. In its order, the trial court declared that the conveyance of property known as Erico Drive by the city of Solon, Ohio, to Erico Products, Inc. was void and that the fee interest in this property reverted to the state. For the following reasons, this court affirms the trial court's order.

The declaratory judgment action was initiated by John P. and Dorothy M. Sedlak, who own property adjacent to Erico Drive, against Solon, Erico Products and the Ohio Director of Transportation. The Sedlaks sought a declaration that the city's conveyance of Erico Drive to Erico Products was void for the reasons that it was in violation of the terms, conditions and covenants of the Director's deed from the state to Solon and because the city failed to comply with the procedures for vacation of public streets as mandated by R.C. 723.04 through 723.08.

The Director of Transportation filed a cross-claim against Erico Products and the city seeking a declaration that the city's conveyance of Erico Drive to Erico Products for use as a private driveway caused the reversion of title in this land to the state.

The Sedlaks and the Director of Transportation filed separate motions for summary judgment, each arguing that the city's conveyance of Erico Drive to Erico Products was void and that the fee interest in this property reverted to the state.

The materials filed in support of and in opposition to the motions for summary judgment reveal the following facts: In 1961, the Ohio Department of Transportation authorized the reconstruction of U.S. Route 422. In connection with this project, the state acquired property from Erico Products and Erickson Tool, Inc., predecessor in title to the Sedlaks. As a result of the acquisitions, both Erico Products and Erickson Tool lost frontage on Solon Road. The loss of frontage on Solon Road for Erico Products resulted in the loss of access to its buildings on its remaining land.

To remedy the elimination of access to Solon Road and to compensate both Erickson Tool and Erico Products for the loss of public road frontage, the state agreed to construct Erico Drive as an access road to Solon Road. Erico Drive was constructed by the state on land specifically acquired from Erickson Tool and Erico Products for its construction. Both Erickson Tool and Erico Products reserved the right of ingress and egress to Solon Road over the land acquired from it for the construction of Erico Drive. In June 1976, upon completion of the construction of the highway project, the city requested that Erico Drive be

transferred from the state to the city so that local traffic laws could be enforced on it. In response to this request, the state advised the city that it required passage of a resolution of acceptance of Erico Drive by the city council before it could surrender title in a state-acquired real property to another governmental body.

In December 1976, the Solon City Council passed a resolution agreeing to "accept and assume responsibility for the maintenance of [Erico Drive] and further agrees that the lands being relinquished by the State and accepted by the City will be retained in their current use."

The then current use of Erico Drive was as a private driveway for Erico Products.

It was not until thirteen years later, on November 7, 1989, that the Director of Transportation certified by journal entry that the state no longer needed the property for highway purposes and agreed to transfer title of Erico Drive to Solon pursuant to R.C. Chapter 5501. The journal entry stipulated that "[i]n the event said [r]oads ceased to be used by the City of Solon, Ohio for public roadway purposes, said roads will then revert to the State of Ohio."

On November 22, 1989, the state conveyed title of Erico Drive to the city by Director's Deed. The Director's Deed contained the same express limitation and provision for reversion to the state should the property cease to be used by the city for public roadway purposes. That deed was recorded on December 20, 1989.

On January 16, 1990, Solon conveyed Erico Drive by quitclaim deed to Erico Products, which continued to use Erico Drive as a private driveway.

In opposing the motions for summary judgment filed by the Sedlaks and the Director of Transportation, Erico Products took the position that the Director of Transportation had agreed in 1967 to construct Erico Drive as a private driveway for Erico Products and that evidence of the parties' intentions in this regard should be considered in determining whether Erico Drive is subject to the limitation in the Director's Deed that the property be used for public roadway purposes or revert to the state.

The trial court granted the Director of Transportation's motion for summary judgment and overruled the summary judgment motion of the Sedlaks, declaring it moot. In its memorandum of opinion and order, the trial court stated as follows:

"Much has been made, in the various briefs, of the supposed intentions of the parties at the time of the original appropriation proceedings and the construction of Erico Drive. The court holds that, by law, what the parties may have intended at that time is irrelevant. Rather, it is the capacity and the intent of the State of

Ohio, at the time it conveyed the property to the City of Solon, that determine the extent of the fee it conveyed to the City of Solon. In the absence of competitive bidding, the State could not convey the property to Erico directly, and the limitation and reverter in the Director's Deed make it clear that it did not intend to do so indirectly. Pursuant to that reverter, it is the finding of this court that the purported conveyance by the defendant City of Solon to the defendant Erico Products is void, and that the fee interest in the property constituting Erico Drive reverts to the State of Ohio. Consistent with the foregoing, it is hereby ordered, adjudged, and directed that the State of Ohio shall have all necessary title work performed and shall prepare all appropriate entries within thirty days of this date.

"The Court having granted the Motion for Summary Judgment of the State of Ohio Director of Transportation, the [Sedlaks'] Motion for Summary Judgment therefore is moot, and accordingly is overruled."

Erico Products has appealed this judgment. A cross-appeal was filed by the Sedlaks from the denial of their motion for summary judgment.

Erico Products assigns as error the following:

"I. The trial court erred, in the absence of any evidence to establish that the subject property had ever been used publicly, in mandating reversion when reversion was contingent upon cessation of public use.

"II. The trial court erred in ruling that no genuine issue of material fact existed as to the meaning and effect of a clause in a deed which purported to mandate reversion when the reversionary event was 'cessation of public use' and in fact, no such public use was ever intended, ever commenced, or ever existed (and thus could not cease); consequently, the nature of the use was itself not only a material fact, but *the* material factual issue." (Emphasis *sic.*)

In resolving the issues raised from a grant of summary judgment, we review the record to determine whether there are genuine issues of material fact requiring a trial. The standard for reviewing the granting of a summary judgment based upon Civ.R. 56 is aptly set forth in *Shaw v. J. Pollock & Co.* (1992), 82 Ohio App.3d 656, 658–659, 612 N.E.2d 1295, 1297, as follows:

"Summary judgment is proper if the trial court determines that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. * * *

"Once summary judgment is requested, the responding party must set forth specific facts demonstrating triable issues on all essential matters for which he bears the initial burden of proof. Mere reliance upon the pleadings is insufficient. * * *

"The issue to be tried must also be genuine, allowing reasonable minds to return a verdict for the nonmoving party * * *." See, also, *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099 (adopting Fed.Civ.R. 56's summary judgment standard set forth in *Celotex Corp. v. Catrett* [1986], 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265).

Erico Products' primary assertion in its first and second assignments of error is that the trial court's determination that Erico Drive was constructed as a public roadway, as specified in the Director's Deed, is contrary to the intent of the parties. Specifically, Erico Products contends that when the land for Erico Drive was appropriated in 1967, neither it nor the Director of Transportation contemplated its use as anything other than a private driveway to service Erico Products. Erico Products points to minutes from a 1967 meeting between representatives of the city and the Department of Transportation as evidence that the parties intended for Erico Drive be constructed as a private driveway for the sole use of Erico Products. Erico then argues that this evidence raised questions of material fact relating to whether the parties intended for Erico Drive to be a public roadway. For the reasons that follow, we find that absent any uncertainty in the language employed in the Director's Deed reserving Erico Drive for use as a public road, the trial court correctly determined that extrinsic evidence of the parties' intentions to the contrary may not be considered, and we affirm the judgment of the trial court.

The construction of an instrument of conveyance is a matter of law. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph one of the syllabus; *Burk v. State* (1992), 79 Ohio App.3d 573, 607 N.E.2d 911. Courts presume that the parties' intentions at the time of the execution of a deed reside in the language they chose to employ in the deed. *Siferd v. Stambor* (1966), 5 Ohio App.2d 79, 86, 34 O.O.2d 189, 193, 214 N.E.2d 106, 110. Only when the language of a deed is unclear or ambiguous, or when the circumstances surrounding the deed invest the language of the deed with a special meaning, will extrinsic evidence be considered in an effort to give effect to the parties' intentions. *37 Robinwood Assoc. v. Health Industries, Inc.* (1988), 47 Ohio App.3d 156, 157, 547 N.E.2d 1019, 1020; *Siferd, supra,* at 86, 34 O.O.2d at 193, 214 N.E.2d at 110.

Erico Products, relying on *Becker v. Cox* (June 10, 1985), Butler App. No. CA84-04-044, unreported, 1985 WL 8688, and *Vermilion v. Dickason* (1976), 53 Ohio App.2d 138, 7 O.O.3d 98, 372 N.E.2d 608, maintains that the trial court

should have considered the parties' intentions in 1967, when the appropriation took place, and not twenty-two years later, *i.e.,* 1989, when the Director's Deed was executed. This reliance is misplaced.

■■■■ *Becker* involved a question of whether certain property had been dedicated for use as a public road. A dedication is a voluntary and intentional gift of land for some public use. *Todd v. Pittsburgh, Fort Wayne & Chicago RR. Co.* (1869), 19 Ohio St. 514. An intention on the part of an owner of property to dedicate it to a public use is an essential element of a common-law dedication. *Longworth v. Cincinnati* (1891), 48 Ohio St. 637, 29 N.E. 274. A dedication does not, however, require a deed or particular form of conveyance. *Seegar v. Harrison* (1874), 25 Ohio St. 14; *Hicksville v. Lantz* (1950), 153 Ohio St. 421, 41 O.O. 424, 92 N.E.2d 270. The intention to dedicate property to public use may be expressed, as in the case where a deed is executed, or it may be implied or inferred from the circumstances. In *Becker,* there was no deed or other instrument of conveyance expressing the parties' intentions. Thus, the court was required to consider evidence of the circumstances surrounding the alleged dedication to determine whether there was an intention to dedicate the disputed property.

In this case, Erico Drive was not created as a public road by common-law dedication. Erico Drive was constructed as a public road by the Director of Transportation as part of a state highway improvement project pursuant to R.C. Title 55. The process by which the Director establishes a highway does not involve any process of dedication. Rather, the Director constructs maps and specifications for a proposed improvement, identifying the properties needed for completion of the project. After identifying the necessary properties, the Director is authorized by R.C. 5501.32 to purchase them. If, however, he is unable to reach an agreement with a property owner, he may appropriate that property pursuant to R.C. 5519.01 or R.C. Chapter 163.

This was the process followed by the Director in acquiring the land necessary for the construction of Erico Drive. The land for Erico Drive was purchased, in part, from Erico Products and was appropriated from Erickson Tool. Neither Erico Products nor the Sedlaks claim the land was offered for dedication, and the Director does not rely on the theory of dedication for his contention that Erico Drive was constructed as a public road.

■■■■ It is thus evident that the concept of intent has very specific and different meanings in the context of common-law dedication and the construction of deeds. As was explained previously, the cardinal rule in the construction of deeds is that the parties' intention at the time of the execution of the deed controls, and the deed's language is conclusively presumed to express the parties'

intention absent uncertainty in the language employed. *37 Robinwood Assoc. v. Health Industries, Inc., supra.*

 This court has reviewed the 1989 Director's Deed from the state to the city, and it finds the deed to be clear and unambiguous. The state expressly and clearly granted to the city a determinable fee interest in Erico Drive. Since the language in the deed is clear, the extrinsic evidence relied on by Erico Products to the effect that the parties intended Erico Drive to be constructed as a private driveway for the use of Erico Properties and not as a public road should not be considered.

 Further, we do not think that the city's acceptance in 1976 of Erico Drive in its "current use" creates an ambiguity when the estate conveyed was fully described in clear and unambiguous language. Whether the words "current use" meant use by Erico Products of a private driveway or a public road, they do not control in determining the force and effect of the Director's Deed, which clearly states that Erico Drive is to be conveyed to the city of Solon only so long as the property is used for public roadway purposes and that upon cessation of such use, it is to revert to the state.

In viewing the record below in a light most favorable to Erico Products, we must conclude that the trial court correctly granted summary judgment in favor of the Director of Transportation. There was no error. Erico Products' first and second assignments of error are overruled.

In their cross-appeal, the Sedlaks contend:

"The trial court erred in overruling plaintiffs' motion for summary judgment."

The trial court overruled the Sedlaks' motion for summary judgment for the stated reason that it was rendered moot by the grant of summary judgment in favor of the Director of Transportation.

 "[A] moot case arises * * * where a judgment is sought, upon a matter which when it is rendered, cannot have any practical effect upon the issues raised by the pleadings." *Gelfand v. Stys* (App.1929), 7 Ohio Law Abs. 105; *Crossings Dev. Ltd. Partnership v. H.O.T., Inc.* (1994), 96 Ohio App.3d 475, 645 N.E.2d 159. A determination that a question is moot is within the discretion of the court and will not be disturbed absent a showing the court acted unreasonably, arbitrarily or unconscionably. *Ink v. Plott* (App.1960), 15 O.O.2d 199, 175 N.E.2d 94; *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1251 (defining "abuse of discretion"). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Ent. v. River Place* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 600.

The Sedlaks' brief on appeal fails to address the issue of mootness. The Sedlaks do, however, acknowledge that the effect of a grant of summary judgment in their favor would be to trigger the reverter in the Director's Deed, which was the relief granted to the Director of Transportation. Since the Sedlaks have, in effect, obtained the only available relief, their claims are moot. See *Singer v. Fairborn* (1991), 73 Ohio App.3d 809, 817, 598 N.E.2d 806, 811. Accordingly, it was not an abuse of discretion for the trial court to overrule the Sedlaks' motion for summary judgment as moot.

*Judgment affirmed.*

SPELLACY, P.J., and NAHRA, J., concur.