JOURNAL ENTRY AND OPINION
This case involves competing claims to a one-half acre of real property situated in Solon, Ohio. Plaintiff-appellee Williams Trucking, Inc., formerly known as Welker Trucking, Inc., claims title to the parcel based on a 1986 deed and a 1991 corrective deed. Defendants-appellants Robert Gable and Ann Gable claim title based on a 1993 deed of conveyance. The trial court quieted title in favor of Williams Trucking, Inc., and the Gables contest this ruling. Because we find no error in the trial court's judgment, we affirm that judgment.
The parcel in question, hereafter referred to as the "Disputed Parcel", originally was part of a larger parcel of property owned by Emil F. Danciu in Solon, Ohio. In 1961, Danciu filed two separate deeds of conveyance. By deed filed April 27, 1961 and recorded in Volume 10148, Page 361 of the Cuyahoga County deed records, Danciu conveyed a parcel of land fronting on Bainbridge Road to 33141 Bainbridge Road Company (hereafter "33141"). 33141 was an Ohio general partnership whose partners were Michael P. Fornaro, now deceased, and the Robert Realty Company, another Ohio partnership whose partners were brothers Robert P. Velotta and Michael F. Velotta, Jr. The Disputed Parcel is the northerly portion of the parcel transferred by this deed to 33141. By separate deed filed April 27, 1961 and recorded in Volume 10148, Page 363 of the Cuyahoga County deed records, Danciu conveyed the land situated to the north and west of the first parcel to the Robert Realty Company.
The parcel transferred to 33141 was occupied over time by a bowling facility. By 1978, the parcel owned by the Robert Realty Company was being leased to Welker Trucking, Inc. In that year, Welker's president, Floyd E. Williams, began negotiations to purchase the parcel Welker was leasing from the Robert Realty Company. A purchase agreement between Williams and Robert Realty was executed in 1979 but did not refer to the Disputed Parcel or any property owned by 33141. Because Williams defaulted on the contract, however, the sale was never consummated and no property title transfer occurred.
In 1985, Williams renewed discussions to purchase the property Welker was leasing from Robert Realty. Williams wanted to purchase the entire parcel owned by the Robert Realty Company as well as one acre of the property owned by 33141. 33141 declined to sell one full acre to Williams but agreed to sell the one-half acre that is now the Disputed Parcel. By deed filed on January 16, 1986 and recorded at Volume 86-0234, Page 21 of the Cuyahoga County deed records, Robert Realty and 33141 conveyed property to Floyd Williams that included the Disputed Parcel.[1]
By 1986, Floyd Williams's son, Carl J. Williams, had begun working for his father's trucking business. By deed filed on April 30, 1986 and recorded at Volume 86-2558, Page 22 of the Cuyahoga County deed records, Floyd Williams conveyed to Carl Williams the property that Robert Realty and 33141 had conveyed to Floyd Williams, including the Disputed Parcel. Floyd Williams died in 1988 and Carl Williams became president of Welker Trucking, Inc. By deed filed on May 23, 1991 and recorded at Volume 91-2979, Page 4, Carl J. Williams conveyed the entire parcel, including the Disputed Parcel, to Welker Trucking, Inc.
By 1991, certain errors in the 1986 deed from Robert Realty and 33141 to Floyd Williams were discovered, and two separate corrective deeds were thereafter filed. In particular, it was discovered that the 1986 deed from the Robert Realty and 33141 partnerships did not contain the signatures of all partners of the respective partnerships. Accordingly, by deed filed on August 28, 1991 and recorded at Volume 91-5498, Page 23, Robert Realty and 33141 conveyed directly to Welker Trucking, Inc., the same property described in the 1986 deed from Robert Realty and 33141 to Floyd Williams. In addition, the description used for the 1986 deed inadvertently omitted from the conveyance a small strip of land, referred to as the "orphan parcel", that apparently was created as a result of an exchange of small strips of land between Robert Realty and 33141 during the 1970s. By deed filed on August 28, 1991 and recorded at Volume 91-5498, Page 25 of the Cuyahoga County deed records, Robert Realty conveyed the "orphan parcel" to Welker Trucking, Inc.[2]
The Solon Freeway Lanes bowling facility occupied the property owned by 33141. In June 1992, 33141 and Solon Freeway Lanes contracted to sell the land owned by 33141 and the bowling alley business to Robert Gable and Ann Gable. By deed filed on July 27, 1993 and recorded at Volume 93-07816, Page 52, 33141 conveyed property to Robert Gable, d/b/a Gable Investments Co. The warranty deed's property description included the Disputed Parcel. The Gables' title company also noted that the "legal may not be correct" on the draft deed.
33141's partners say that the 1993 warranty deed from 33141 to Gable mistakenly included the Disputed Parcel. They maintain that 33141, with Robert Realty, had conveyed the Disputed Parcel by deed to Floyd E. Williams in 1986 and by corrective deed to Welker Trucking, Inc., in 1991.[3] Moreover, Robert Velotta says he told Robert Gable that the boundary of the land sold by 33141 would run through the middle of a large pile of topsoil, a description excluding the Disputed Parcel. Gable, on the other hand, could not recall that statement and assumed the property he was purchasing extended to a fence, a description including the Disputed Parcel.
Welker Trucking, Inc., which changed its name to Williams Trucking, Inc., on or about June 29, 1995, advised the Gables in 1996 that Williams Trucking, Inc., was the true owner of the Disputed Parcel and demanded that the title discrepancies be corrected. When the Gables refused to do so, Williams Trucking, Inc., filed this action to quiet title on November 18, 1997 against the Gables and others. On March 30, 1998, the Gables filed their answer and counterclaim as well as a third-party complaint against 33141, Robert Realty Company, and their respective individual partners.
The trial court bifurcated Williams's complaint to quiet title from the Gables' third-party complaint. A magistrate heard the quiet title action and, on September 10, 1998, determined that title to the Disputed Parcel should be quieted in favor of Williams Trucking, Inc., as to all claims of the Gables and anyone claiming under or through the defendants. On October 29, 1998, the trial court overruled objections to the magistrate's decision and adopted the decision to quiet title in favor of Williams Trucking, Inc. A subsequent order certified that there was no just reason for delay, pursuant to Civ.R. 54(B).
The Gables' first assignment of error states:
 I. THE TRIAL COURT ERRED IN QUIETING TITLE TO THE DISPUTED PARCEL IN PLAINTIFF-APPELLEE WHERE, BY THE TESTIMONY OF APPELLEE'S OWN EXPERT, THE CLAIMED TITLE DEED OF APPELLEE WAS NOT ENTITLED TO RECORD.
This assignment of error is not well taken.
The Gables contend that because 33141 did not obtain approval from the City of Solon to subdivide the Disputed Parcel from the larger parcel owned by 33141 before 33141 conveyed the Disputed Parcel to Floyd Williams in 1986, that deed did not comply with the provisions of R.C. Chapter 711 and was not entitled to record pursuant to R.C. 711.121, which states:
 The county auditor and the county recorder shall not transfer property or record deeds or leases which attempt to convey property contrary to the provisions of Chapter 711. of the Revised Code. In case of doubt, the county auditor or county recorder may require the person presenting such deed or lease to give evidence of the legality of a conveyance by metes and bounds by an affidavit as to the facts which exempt such conveyance from the provision of Chapter 711. of the Revised Code.
Williams responds that while a property owner generally must submit a plat to obtain approval to subdivide property under R.C.711.05, R.C. 711.131 excepts "minor subdivisions" from this requirement. R.C. 711.131 provides:
 Notwithstanding the provisions of sections 711.001 to 711.13, inclusive, of the Revised Code, a proposed division of a parcel of land along an existing public street, not involving the opening, widening or extension of any street or road, and involving no more than five lots after the original tract has been completely subdivided, may be submitted to the authority having approving jurisdiction of plats under the provision of section 711.05, 711.09 or 711.10 of the Revised Code for approval without plat. If such authority acting through a properly designated representative thereof is satisfied that such proposed division is not contrary to applicable platting, subdividing, or zoning regulations it shall within seven working days after submission approve such proposed division and, on presentation of a conveyance of said parcel, shall stamp the same "approved by (planning authority); no plat required" and have it signed by its clerk, secretary, or other official as may be designated by it. Such planning authority may require the submission of a sketch and such other information as is pertinent to its determination hereunder.
Williams maintains no plat was required to subdivide the Disputed Parcel from the rest of the parcel owned by 33141 because (1) the original parcel was along an existing public street, namely, Bainbridge Road; (2) the proposed subdivision did not involve the opening, widening, or extension of any street or road; and (3) the subdivision, when completed, would consist of no more than five lots after the original tract was subdivided. See Robison v. Fulton Cty. Regional Planning Comm. (June 30, 1995), Fulton App. No. F-94-030, unreported. See also In re Ramsey (Aug. 22, 1997), Portage App. No. 96-P-0244, unreported; In re Herr (Aug. 22, 1997), Portage App. No. 96-P-0243, unreported; In re State ex rel. Fabry (Jan. 17, 1997), Portage App. No. 95-P-0127, unreported. Williams contends that because the subdivision was within the exception under R.C. 711.131, Solon would have been required to approve the subdivision. See Boxell v. Planning Comm. (1967),10 Ohio App.2d 25.
The Gables do not dispute that the subdivision was within the exception provided by R.C. 711.131 such that no plat was required. They nevertheless maintain that quieting title to the property even though Solon did not approve the subdivision should be recognized as "plain error". We do not agree.
In Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, the court held:
 In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.
Id., at syllabus (citations omitted). The Gables have not made the requisite showing here. Whether or not the county recorder should have recorded the 1986 deed under R.C. 711.121 without Solon's approval of the subdivision, the Gables make no showing that the absence of Solon's approval vitiates the validity of the conveyance by 33141. Because the absence of Solon's approval does not provide a basis to find the trial court committed plain error, we overrule the first assignment of error.
The Gables' second assigned error states:
 II. THE TRIAL COURT'S CONSIDERATION OF THE TESTIMONY OF THE VELOTTAS AND CARL WILLIAMS REGARDING THE INTENT THAT THE DISPUTED PARCEL BE CONVEYED TO FLOYD E. WILLIAMS WAS PLAIN ERROR.
This assignment of error is without merit.
The Gables contend that testimony suggesting that the Velottas intended to convey the Disputed Parcel to Floyd Williams was inadmissible parol evidence varying the terms of the 1979 Purchase Agreement which made no reference to any property owned by 33141. Although the Gables did not object to this evidence and indeed argued, to the contrary, that it was never the intent to convey the Disputed Parcel to Williams, they now maintain that the court committed plain error by considering parol evidence. We do not agree.
First, as we have already noted, notice of plain error is not favored in civil appeals and requires exceptional circumstances. Goldfuss v. Davidson, supra. Courts are particularly reluctant to recognize error that the complaining party itself invited. In Center Ridge Ganley, Inc. v. Stinn (1987), 31 Ohio St.3d 310, the appellants claimed error in the introduction of parol evidence even though they had elicited testimony from their adversary as to the parties' intent when entering into the purchase agreement. The Supreme Court of Ohio stated:
 [A]ppellants "invited" the alleged error by calling Edmund Stinn, as on cross-examination, and eliciting testimony from him as to the intent of the parties when entering the contract. Appellants cannot then complain when the appellees, in turn, entered similar but contradictory evidence of intent. Under the "invited error" doctrine, "[a] party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make".
Id., 31 Ohio St.3d at 313 (citations omitted). The Gables are in no different position for having elicited testimony from their adversary as to the parties' intent.
Moreover, evidence of the parties' intent was not inadmissible parol evidence. The Gables argued that the 1986 deed to Floyd Williams did not express the parties' true intent because the deed mistakenly included the Disputed Parcel and the 1991 corrective deed merely perpetuated the mistake; the Gables thus sought reformation of the deeds.
 Reformation is an equitable remedy whereby a court modifies the instrument which, due to mutual mistake on the part of the original parties to the instrument, does not evince the actual intention of those parties. The purpose of reformation is to cause an instrument to express the intent of the parties as to the contents thereof * * *.
Phoenix Concrete, Inc. v. Reserve-Creekway, Inc. (1995),100 Ohio App.3d 397, 400 (citations and internal punctuation omitted). "Thus, in an action for reformation, the intention of the parties can be discovered through parol evidence." Mason v. Swartz (1991),76 Ohio App.3d 43, 50 (citations omitted).
It follows that the lower court would not have erred had it considered parol evidence of the parties' mutual intent. And because the Gables were strangers to all of the transactions between Williams, Robert Realty and 33141, the parol evidence rule would not operate to exclude evidence of the original contracting parties' intent. See Bowman v. Tax commission of Ohio (1939),135 Ohio St. 295.
Finally, we doubt the evidence to which the Gables now take exception would have violated the parol evidence rule in any event. The Supreme Court of Ohio has said:
 The Parol Evidence Rule was developed centuries ago to protect the integrity of written contracts. The parol evidence rule is a rule of substantive law that prohibits a party who has entered into a written contract from contradicting the terms of the contract with evidence of alleged or actual agreements. "When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing." 3 Corbin, Corbin on Contracts (1960) 357, Section 573.
Ed Schory Sons, Inc. v. Soc. Natl. Bank (1996), 75 Ohio St.3d 433,440 (citations omitted).
In the case at bar, the material writings are the 1986 deed from Robert Realty and 33141 to Floyd Williams and the 1991 corrective deed from Robert Realty and 33141 to Welker Trucking, Inc. There is no dispute that both deeds from the Robert Realty and 33141 partnerships expressly included the Disputed Parcel. "Courts presume that the parties' intentions at the time of the execution of a deed reside in the language they chose to employ in the deed." Sedlak v. Solon (1995), 104 Ohio App.3d 170, 176. Testimony that Robert Realty and 33141 intended to convey the Disputed Parcel to Floyd Williams in the defectively-executed 1986 deed and in the corrected 1991 deed does not vary or otherwise contradict the 1986 and 1991 deeds that expressly memorialized the conveyance of that parcel and thus would not violate the parol evidence rule. And while the Gables themselves attempted to vary or contradict the 1986 and 1991 deeds by relying on the 1979 Purchase Agreement, which did not refer to the Disputed Parcel or any other property owned by 33141, the intent at the time of the failed 1979 transaction was at most marginally relevant to show the intent in 1986 and 1991 and, in any event, hardly demonstrates that the deeds executed in connection with the later successful transaction did not accurately reflect the intent to convey the Disputed Parcel to Williams.
We therefore conclude that the trial court did not err to the extent it considered testimony from the Velottas and Carl Williams regarding the parties' intent. The second assigned error is accordingly overruled.
The Gables' third, fourth and fifth assigned errors contest the correctness of the trial court's judgment quieting title to the Disputed Parcel in favor of the Williams Trucking, Inc., and will be addressed jointly. They assert:
 III. THE TRIAL COURT ERRED IN FINDING THAT THE EVIDENCE WAS CLEAR THAT TITLE TO THE DISPUTED PARCEL WAS INTENDED TO BE CONVEYED TO PLAINTIFF-APPELLEE.
 IV. THE TRIAL COURT ERRED IN HOLDING THAT APPELLANTS WERE NOT ENTITLED TO REFORMATION OF APPELLEES' TITLE DEED BASED UPON THE DOCTRINE OF MUTUAL MISTAKE.
 V. THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
These assignments of error are not well taken.
Williams Trucking, Inc., filed this action to quiet title in its favor. Under R.C. 5303.01, "[a]n action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest". There is no dispute that the 1986 deed and 1991 corrective deed conveyed property which included the Disputed Parcel.
Claiming that those deeds were the result of a mutual mistake because the parties did not intend to convey the Disputed Parcel, the Gables sought reformation of those deeds. To reform a deed upon the ground of mutual mistake of the parties thereto, the proof of such mutual mistake must be clear and convincing; a mere preponderance is not sufficient. Frate v. Rimenik (1926), 115 Ohio St. 11; Stewart v. Gordon (1899), 60 Ohio St. 170.
In the case at bar, the trial court determined that Williams Trucking, Inc., acquired title to the Disputed Parcel at least by reason of the 1991 corrective deed by Robert Realty and 33141, which deed conveyed that parcel to Welker Trucking, Inc., Williams's predecessor. That the parties intended to convey the Disputed Parcel was evidenced by the inclusion of its legal description in the 1986 and 1991 deeds and by the testimony of the principals to the transaction. Indeed, 33141's involvement in the transactions is significant because of all the property described in the 1986 deed from Robert Realty and 33141 to Floyd Williams and of all the property again described in the 1991 corrective deed from Robert Realty and 33141 to Welker Trucking, the only property titled to 33141 was the Disputed Parcel. Had the Disputed Parcel not been included in the conveyances, 33141 would not have been a party to the transaction because it would have had nothing to grant.
The Gables argue that 33141 may have been involved for the purpose of conveying whatever interest it had in the "orphan parcel". That argument could be rejected, however, based on the two corrective deeds executed in 1991. In one, Robert Realty alone conveyed the "orphan parcel" to Welker Trucking, Inc. 33141 was not a party to that conveyance. In the other, by contrast, Robert Realty and 33141, with all appropriate signatures, conveyed the Disputed Parcel to Welker Trucking, Inc. From these facts, it may fairly be concluded that 33141's interest was in the Disputed Parcel and not in the "orphan parcel". 33141's involvement in both the 1986 and 1991 conveyances thus confirms that the parties intended to convey 33141's interest in the Disputed Parcel to Williams in 1986 or, at worst, to Welker Trucking, Inc., by 1991. Having conveyed the Disputed Parcel by that time, 33141 no longer had title to the Disputed Parcel and could not convey it to the Gables in 1993.
The trial court could reasonably conclude that the Gables had not shown by clear and convincing evidence that the conveyance of the Disputed Parcel was a mutual mistake. The court could also find that discrepancies in the acreage figures used in the various deeds and leases did not undermine the intent to convey the Disputed Parcel to Williams, since the parties apparently did not rely on those figures at the time of the conveyances. And while a lease between 33141 and the Williams group shortly after the 1986 deed contained a legal description that included, among other things, the Disputed Parcel, the court could reasonably find that the error was in the lease and not in the 1986 deed.
The Gables further maintain that the trial court's judgment is against the manifest weight of the evidence. We cannot agree. A judgment that is supported by competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing court for being against the manifest weight of the evidence. See C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. As a reviewing court, we are guided by a presumption that the findings of the trier-of-fact were correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. The trial court's judgment here is supported by competent credible evidence. We find no basis to disturb that judgment. Accordingly, we overrule the Gables' third, fourth, and fifth assignments of error.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ________________________________ DIANE KARPINSKI, PRESIDING JUDGE
[1] Although the deed's legal description included the Disputed Parcel, the acreage of the Disputed Parcel apparently was not similarly reflected in the conveyance.
[2] There are no conflicting claims to the "orphan parcel" in this case.
[3] Subsequent to the 1986 deed to Williams, 33141 secured an open-end mortgage from People Savings Bank, filed on August 29, 1986 and recorded at Volume 86-5534, Page 63 of the Cuyahoga County deed records. That mortgage specifically excluded the Disputed Parcel "conveyed to Floyd E. Williams by deed dated March 22, 1985 and recorded on January 16, 1986 in Volume 86-234, page 21 of Cuyahoga County Records". In November 1986, however, when Floyd and Carl Williams leased from 33141 the land on which the bowling facility was situated, the lease contained a legal description that included the Disputed Parcel. Hearing this evidence, the magistrate concluded that the error was in the lease, not in the 1986 deed to Williams.